FILED
2/23/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CRL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 1:21-CR-00128 |
| v. ) | |
| ) | Violations: Title 18, United States Code, |
| KEVIN SMITH ) | Section 1344 |

JUDGE GETTLEMAN
MAGISTRATE JUDGE COLE

### COUNT ONE

The SPECIAL NOVEMBER 2019 GRAND JURY charges:

1. At times material to this indictment:

   a. Defendant KEVIN SMITH was a loan originator employed by Grand Bank, N.A. and Mortgage Services III, LLC, and worked with other individuals who originated and processed loans at other mortgage lending businesses.

   b. Defendant KEVIN SMITH was associated with other business entities, including The Greater Illinois Home Owners Union and North American Capital Group Corporation.

   c. Grand Bank, N.A.; Mortgage Services III, LLC; Inland Home Mortgage Company; Mortgage Solutions of Colorado; Guaranteed Rate, Inc.; and 360 Mortgage Group, LLC were financial institutions, specifically mortgage lending businesses that financed debt secured by an interest in real estate and whose activities affected interstate commerce.

   d. Financial institutions required applicants for mortgage loans to provide truthful information and supporting documentation about the applicant's financial

condition, source of down payment, and intention to occupy the property, which information was material to lenders' approval, terms, and funding of loans.

e. Financial institutions at times required applicants to provide supporting documentation for the source of down payment funds, including copies of bank statements and checks, and in instances when the borrower represented that the down payment funds were a gift, documentation of that gift such as a letter from the individual who purportedly gifted the money.

f. The United States Department of Housing and Urban Development (HUD), through the Federal Housing Administration, provided insurance guaranteed by the United States government to private lending institutions that financed federally-insured mortgage loans to qualified borrowers. Information about the borrower's financial condition, intention to occupy the property, and source of down payment was material to the Federal Housing Administration's decision to insure mortgage loans, including the information contained in HUD-1 settlement statements, loan applications, and other supporting documentation such as bank statements, gift letters, and earnings statements.

g. The United States Department of Veterans Affairs (VA) provided loan guarantees to uniformed service personnel, eligible veterans, and reservists who served a specified period of time and were discharged under conditions other than dishonorable, for the purchase of homes and for refinancing loans. VA guaranteed part of the total loan, permitting the purchaser to obtain a mortgage with a competitive interest rate, even without a down payment if the lender agreed. With a VA guaranty, the lender was protected against loss up to the amount of the guaranty if the borrower failed to repay the loan. Information

about the borrower's financial condition, intention to occupy the property, and source of down payment was material to the VA's decision to insure mortgage loans, including the information contained in HUD-1 settlement statements, loan applications, and other supporting documentation such as bank statements, gift letters, and earnings statements.

2. Beginning no later than in or around June 2011, and continuing until in or around December 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEVIN SMITH,

defendant herein, knowingly participated in a scheme to defraud financial institutions and to obtain money and funds owned by and under the custody and control of financial institutions by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described below.

3. It was part of the scheme that defendant KEVIN SMITH caused buyers to fraudulently obtain FHA-guaranteed and VA-guaranteed mortgage loans from financial institutions in a total amount of at least approximately $2.6 million by making and causing to be made materially false representations in documents submitted to the financial institutions, including loan applications, gift letters, letters of explanation, and HUD-1 settlement statements, concerning, among other things, the buyers' marital status, the buyers' source of down payment, and the buyers' intention to occupy the property purchased as a primary residence, and by concealing and causing the concealment of material facts, including that defendant SMITH had promised to pay, and did pay, the buyers a "grant" of as much as $20,000 after the closing of the buyers' purchase of the

property, and that defendant SMITH had arranged to be paid, and was paid, money by the sellers, after the closing of the buyers' purchase of the property.

4. It was further part of the scheme that defendant KEVIN SMITH recruited and caused to be recruited individuals to serve as buyers to purchase properties, including properties in Chicago, Illinois located at: 5649 S. Princeton Avenue, 6628 S. Carpenter Street, 5429 S. Bishop Street, 4246 W. Adams Street, 325 W. 59th Place, 4310 W. Monroe Street, 4437 W. Adams Street, 5136 S. Throop Street, 5243 S. Damen Avenue, 6023 S. May Street, 6616 S. Laflin Street, 5942 S. Sangamon Street, 6554 S. Winchester Avenue, and 6142 S. Morgan Street, knowing that the buyers would be fraudulently qualified for mortgage loans to purchase the properties.

5. It was further part of the scheme that defendant KEVIN SMITH presented real estate investment seminars at churches and hotels in Chicago and its suburbs in order to recruit individuals to serve as property buyers. At these seminars, defendant SMITH stated that, among other things, the buyers would not have to invest any of their own money or make any down payment on the property, the buyers would be paid a "grant" for purchasing the property, tenants would be found to rent the property from the buyers, including tenants under HUD's Housing Choice Voucher Program (commonly known as the Section 8 program), and the property would be managed for the buyers for at least one year after the purchase of the property.

6. It was further part of the scheme that defendant KEVIN SMITH prepared and submitted, and caused to be prepared and submitted, to financial institutions loan applications for buyers that defendant SMITH knew contained false and fraudulent

information about the buyers' qualifications for mortgage loans, including false and fraudulent information about the buyers' marital status, source of down payment, and intention to occupy the property purchased as a primary residence.

7. It was further part of the scheme that defendant KEVIN SMITH knowingly caused to be prepared and submitted to financial institutions fraudulent documents that supported the false information contained in loan applications, including fraudulent letters of explanation and fraudulent gift letters that defendant SMITH knew falsely reflected that certain individuals who purportedly were related to the buyers were providing the buyers with gifts to be applied toward the down payments on the properties, when he knew those gift letters were false and the down payments were not funded by relatives of the buyers.

8. It was further part of the scheme that defendant KEVIN SMITH provided and caused others to provide funds to buyers or to individuals purportedly providing gifts to buyers, knowing that these funds would be used as the buyers' down payments, and knowing that these funds had been fraudulently represented to financial institutions as having come from the buyers themselves or from relatives purportedly providing gifts to the buyers.

9. It was further part of the scheme that defendant KEVIN SMITH caused buyers to falsely state that they intended to live in the properties they were purchasing as their primary residence, when defendant SMITH knew that was untrue and that defendant SMITH planned to rent out the properties.

10. It was further part of the scheme that defendant KEVIN SMITH discouraged buyers from obtaining an attorney to represent them in their purchases of property.

11. It was further part of the scheme that, after the closings on the sales of the properties, defendant KEVIN SMITH received payments of money from the sellers, or others acting on behalf of the sellers, knowing those payments were fraudulently omitted from the HUD-1 settlement statements and were not otherwise reported to the financial institutions issuing the mortgage loans.

12. It was further part of the scheme that, after the closings on the sales of the properties, defendant KEVIN SMITH made payments of money to the buyers and to individuals who had provided down payment funds on behalf of the buyers, knowing those payments were fraudulently omitted from the HUD-1 settlement statements and were not otherwise reported to the financial institutions issuing the mortgage loans.

13. It was further part of the scheme that defendant KEVIN SMITH did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

14. On or about January 20, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEVIN SMITH,

defendant herein, knowingly executed and attempted to execute the scheme to defraud by causing Grand Bank, N.A., a financial institution, to fund a mortgage loan in the amount of approximately $190,056 for a buyer's purchase of 5649 S. Princeton Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL NOVEMBER 2019 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about January 30, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEVIN SMITH,

defendant herein, knowingly executed and attempted to execute the scheme to defraud by causing Grand Bank, N.A., a financial institution, to fund a mortgage loan in the amount of approximately $175,437 for a buyer's purchase of 6628 S. Carpenter Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL NOVEMBER 2019 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about July 10, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEVIN SMITH,

defendant herein, knowingly executed and attempted to execute the scheme to defraud by causing Mortgage Services III, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $157,102 for a buyer's purchase of 4246 W. Adams Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT FOUR

The SPECIAL NOVEMBER 2019 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about July 18, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEVIN SMITH,

defendant herein, knowingly executed and attempted to execute the scheme to defraud by causing Mortgage Services III, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $190,056 for a buyer's purchase of 325 W. 59th Place, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT FIVE

The SPECIAL NOVEMBER 2019 GRAND JURY further charges:

1. Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about December 18, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEVIN SMITH,

defendant herein, knowingly executed and attempted to execute the scheme to defraud by causing 360 Mortgage Group, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $175,787 for a buyer's purchase of 6142 S. Morgan Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION

The SPECIAL NOVEMBER 2019 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in this indictment, defendant KEVIN SMITH shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982(a)(2)(A).

2. The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $2,650,930.

3. If any of the property described above, as a result of any act or omission by defendant KEVIN SMITH: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY