


**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 1:21-CR-00128 |
| v. | ) |
| KEVIN SMITH | ) Motion for Discovery |
| | ) Conditional Acceptance |
| | ) Motion to Dismiss |

Filed using Registered Mail# RF 509 140 026 US

**Motion for Discovery - Conditional Acceptance – Motion to Dismiss**

**Please be advised that it is not now, nor has it ever been, my intention to avoid paying any obligation that I lawfully owe. I am not refusing to pay. Further, I have no desire to create any controversy before the court.**

Therefore, I accept everything you have offered upon the following conditions. Also, I can offer a plea of "guilty to the facts but innocent of a crime", upon proof of claim by the complete answers to these discovery items:

1. Provide admissible evidence, and the name of a fact witness who will testify that I am a decedent as named in your indictment.

2. Provide admissible evidence and the name of a fact witness who will testify that my given original name is not Smith, Kevin as opposed to the estate or trust name on the documents listed as KEVIN SMITH.

3. Provide admissible evidence and the name of a fact witness who will testify that I have accepted liability for the named decedent, as surety.

1

4. Provide admissible evidence, and the name of a fact witness who will testify that I, Smith, Kevin, am not only the beneficial interest holder of the estate named KEVIN SMITH, as named in this matter. Lack of providing this would stand as evidence of a wrong party claim.

5. Provide admissible evidence, and the name of a fact witness who will testify that Defendant as named herein, has knowingly and willingly worked for, worked with, or associated with the entity or entities known as The Greater Illinois Home Owners Union and North American Capital Group Corporation.

6. Provide admissible evidence, and the name of a fact witness who will testify that Defendant as named herein, has knowingly and willingly worked for, worked with, or associated with the entity or entities known as Grand Bank, N.A.; Mortgage Services III, LLC; Inland Home Mortgage Company; Mortgage Solutions of Colorado; Guaranteed Rate, Inc.; and 360 Mortgage Group, LLC.

7. Provide admissible evidence, and the name of a fact witness who will testify that Defendant as named herein, did knowingly participate in a scheme to defraud financial institutions to obtain money and funds owned by and under the custody and control of financial institutions by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts in this matter.

8. Provide admissible evidence and the name of a fact witness who will testify that Defendant as named herein, promised to pay, and did pay, the buyers a "grant" of as much as $20,000 after closing the buyers' purchase of property.

9. Provide admissible evidence and the name of a fact witness who will testify that Defendant as named herein, arranged to be paid, and was paid, money by the sellers, after the closing of any buyers' purchase of property.

10. Provide admissible evidence and the name of a fact witness who will testify that Defendant as named herein, knowingly recruited and caused to be recruited individuals to serve as buyers to purchase properties, including properties in Chicago, Illinois located at: 5649 S. Princeton Avenue, 6628 S. Carpenter Street, 5429 S. Bishop Street, 4246 W. Adams Street, 325 W.59th Place, 4310 W. Monroe Street, 4437 W. Adams Street, 5136 S. Throop Street, 5243 S. Damen Avenue, 6023 S. May Street, 6616 S. Laflin Street, 5942 S. Sangamon Street, 6554 S. Winchester Avenue, and 6142 S. Morgan Street, and that I had knowledge that the buyers would be fraudulently qualified for mortgage loans to purchase the properties.

11. Provide admissible evidence and the name of a fact witness who will testify that Defendant as named herein, prepared and submitted, and caused to be submitted, to financial institutions applications, knowing such applications contained false and fraudulent information about the buyers' qualifications for mortgage loans, including false and fraudulent information about the buyers' marital status, source of down payment, and intention to occupy the property purchased as a primary residence.

12. Provide admissible evidence and the name of a fact witness who will testify that Defendant as named herein, caused to be prepared and submitted to financial institutions fraudulent documents while knowing that such documents supported the false information contained in loan applications.

13. Provide admissible evidence and the name of a fact witness who will testify that Defendant as named herein, provided and caused others to provide funds to buyers or to individuals purportedly providing gifts to buyers, and that I had knowledge such funds would be used as the buyers' down payments, while knowing these funds had been

fraudulently represented to financial institutions as having come from the buyers themselves or from relatives purportedly providing gifts to the buyers.

14. Provide admissible evidence and the name of a fact witness who will testify that Defendant as named herein, caused buyers to falsely state that they intended to live in the properties they were purchasing as their primary residence, that I had knowledge that such buyers' statements were untrue and that my thought and plan was to rent out the properties.

15. Provide admissible evidence and the name of a fact witness who will testify that Defendant as named herein, knowingly executed, and attempted to execute the scheme to defraud by causing Grand Bank, N.A., a financial institution, to fund a mortgage loan in the amount of approximately $190,056 for a buyer's purchase of 5649 S. Princeton Avenue, Chicago, Illinois; In violation of Title 18, United States Code, Section 1344.

16. Provide admissible evidence and the name of a fact witness who will testify that the Defendant as named herein, knowingly executed, and attempted to execute the scheme to defraud by causing Grand Bank N.A., a financial institution" to fund a mortgage loan in the amount of approximately $175,437 for a buyer's purchase of 6628 S. Carpenter Street, Chicago, Illinois; In violation of Title 18, United States Code, Section 1344.

17. Provide admissible evidence and the name of a fact witness who will testify that the Defendant as named herein, knowingly executed, and attempted to execute the scheme to defraud by causing Mortgage Services III, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $157,102 for a buyer's purchase of 4246 W. Adams Street, Chicago, Illinois; In violation of Title 18, United States Code Section 1344.

18. Provide admissible evidence and the name of a fact witness who will testify that the Defendant as named herein, knowingly executed and attempted to execute the scheme to defraud by causing Mortgage Services III, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $190,056 for a buyer's purchase of 325 W. 59th Place, Chicago, Illinois; In violation of Title 18, United States Code, Section 1344.

19. Provide admissible evidence and the name of a fact witness who will testify that the Defendant as named herein, knowingly executed and attempted to execute the scheme to defraud by causing 360 Mortgage Group, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $175,787 for a buyer's purchase of 6142 S. Morgan Street, Chicago, Illinois; In violation of Title 18, United States Code, Section 1344.

20. Provide admissible evidence and the name of a fact witness who will testify that the judge and/or prosecutor(s) in this matter are in fact not the trustees and liable sureties for settling and closing this account, upon my acceptance. I rebut any presumptions to the contrary based on previous appearances or filings and disclaim being trustee/defendant as named.

21. Provide admissible evidence and the name of a fact witness who will testify that the prosecutor(s) and parties such as judges, magistrates, clerks, and other court-related employees and/or staff, do not have a reportable tax liability for the Alternate Value on their Carryover Basis in this matter.

22. Provide from all attorneys, agents, and prosecutors(s), their bond and/or insurance information for the record, and thus disclose their indemnity insurance carrier

5

information to me, in the event I am harmed. The bond they provide shall be further backed by lawful money, according to Article 1 Section 10 of the US Constitution.

23. Provide certified copies of the oath of office, bonds, and insurance policy claim information for all judges, magistrates, my own attorney, and prosecuting attorneys involved in this matter.

24. Provide a written guarantee that judges, magistrates, my own attorney, and prosecuting attorneys involved in this matter guarantee to uphold all my God-given and Constitutional rights. Those rights shall be listed and guaranteed in writing by all parties.

25. Provide proof of authority showing where any parties making a claim on the estate of KEVIN SMITH or trying to administer it are done so with my express written permission, as beneficiary.

26. To assist these issues, and before proceeding, I require the 1099 OID from all parties for the tax due. Failing to provide this, I have no choice but to report this matter to The Treasury Inspector General, the IRS CID on form 4490 and 8281 or otherwise, as a report of a potential tax evasion, and further inform the Postal Service and Universal Postal Union of such issues. I am duty bound as a private American to report such issues when I become aware of a public servant engaged in money laundering, mail fraud, fictitious conveyance of language under 18 UCS 1001, and as otherwise necessary.

I have presented and registered this document-vessel under the jurisdiction of the Universal Postal Union by paying the transit fees of $1 as the postmaster cancelling the stamp of this vessel, for this vessel's delivery and peaceful protection under registered mail# RE 509 140 026 US.

Failing to provide these discovery items as proofs within the time specified, this document will also stand as a Motion to Dismiss with Prejudice for failure to state a claim for which relief can be granted. This motion goes into effect if all matters are not fully disclosed with supporting admissible evidence and proofs within 14 days of receipt by the court and responded to under oath by the responding parties.

Until such time all conditions above are proven and authenticated on the record, all previous actions, orders, signatures, and pleas are now void, until jurisdiction is proven on the record by the prosecutor(s).

At any proceeding I will require all parties speaking to swear in, under penalties of perjury, or the court agrees they are only speaking hearsay, and therefore their words and/or testimony is inadmissible.

        Notice to principal is notice to agent.

*Kevin Smith*    Date 3/31, 2021
Printed Smith, Kevin