
FILED 9/17/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
) No. 21 CR 128
v. )
) Judge John F. Kness
KEVIN SMITH )

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Now comes Kevin Smith, the defendant, by and through himself, who respectfully submits the following Memorandum in support of the Motion to Dismiss with prejudice for Failure to State a Claim Upon Which Relief can be Granted (motion).

**FACTUAL BACKGROUND**

1. On March 31, 2021, I, Kevin Smith, the defendant, filed a 'Motion for Discovery/Conditional Acceptance/Motion to Dismiss' via registered mail (RF509140026US) to the clerk's office. The clerk's office recorded the motion on April 6, 2021. (Dkt. 17) A copy was mailed to Stephen Heinze, counsel for the government. Proof of delivery was referenced in the motion, which this memorandum is supporting, at paragraph 2 listed under facts from case 21 CR 128.

1

2. I, Kevin Smith, the defendant, was scheduled to attend a status hearing on April 27, 2021, which was 21 days after the clerk filed the motion. The mailing date of the motion was March 31, 2021, a full 28 days before my scheduled court hearing, which I attended via special appearance to discuss the motion that was filed. Judge Gettleman acknowledged that he saw the motion. There was no response filed by the government within the 28 days' time frame.

3. At the hearing on April 27, 2021, Judge Gettleman said that he wanted to make sure that I, Kevin Smith, the defendant, wanted to proceed pro se. After I told him that I wanted to represent myself in court, the judge stated that he didn't want to deal with a pro se case and the case would be reassigned to another district judge. Judge Gettleman asked the Federal Defender, Seema Ahmad, if she wanted to withdraw and then allowed her to withdraw.

4. On April 27, 2021, Judge Gettleman entered the motion and allowed me, Kevin Smith, to proceed pro se and transferred the case to Judge John F. Kness. A status hearing before Judge Kness was set for May 18, 2021.

5. I, Kevin Smith, the defendant, attended the status hearing via special appearance on May 18, 2021. Judge Kness said that he did not to know what special appearance meant and asked me to explain what I meant by special appearance. I, Kevin Smith, explained that I was appearing to get the complete answers to the discovery items in the motion that was filed. At this point, an additional 21 days had passed, from the filing date of the motion (April 6, 2021), without a response from the Government. The judge stated that he was only going to address the issue of me wanting to proceed pro se and that another judge had just transferred the case to him. The judge stated that he needed to be assured for

himself that I was knowingly and intelligently making the choice of representing myself in court. The judge did not order, verbally nor written, the disclosure obligation of the prosecution set forth in Rule 5(f)(1) of the Federal Rules of Criminal Procedure.

6. On May 26, 2021, I, Kevin Smith, attended the video conference status hearing via special appearance. The judge attempted to place me under oath to answer questions regarding my understanding of my rights, my background concerning any other times I may have represented myself, and 'other' questions concerning my ability and understanding of representing myself, and my understanding of the consequences potentially of representing myself. There was no mention of the motion.

7. On June 9, 2021, I, Kevin Smith, attended the video conference status hearing via special appearance. The judge attempted to place me under oath multiple times. The judge also asked the prosecution if he had any objections to him (the judge) conducting a colloquy. The question of the judge conducting a colloquy was not the issue. The issue was that the judge knew going under oath was a voluntary act but continued to try and force me to do so. The judge entered an order for the prosecution and attorney Joshua Adams to submit memoranda in regard to the Faretta Colloquy procedures. Again, there was no mention of the motion. The prosecution, the nonmoving party of the motion (Dkt.17), still had not provided a response at this point for 70 days from the mailing date of the motion and 65 days from the filing date of the motion.

8. On June 30, 2021, I, Kevin Smith, attended the video conference status hearing regarding the memoranda submitted by the Government and attorney Joshua Adams that were ordered by Judge Kness in regard to the Faretta Colloquy procedures. The judge admitted that he would have committed an error of law if he would have denied me the right to represent

3

myself pro se solely on the basis of me not volunteering to be placed under oath during the Faretta colloquy. Without stating a cause of action on the record, the judge appointed Joshua Adams as my attorney. The judge also stated that he would attempt to place me under oath again. Judge Kness scheduled an in person hearing on July 22, 2021 to conduct the Faretta Colloquy. This hearing was stricken and rescheduled for July 30, 2021.

9. On July 30, 2021, I, Kevin Smith, attended the in-person status hearing. After Judge Kness conducted the Faretta Colloquy the prosecutor made the following statement "I just simply note that, as you've noted in previous proceedings, the defendant has filed a couple of motions and apparently has another one here that I haven't seen yet. I would just say that I don't know that the earliest motion that he filed is one that has any legal merits whatsoever and would even require a response from the government. But I'll wait for the Court's decision as to any motion -- or responses to motions that the Court would like us to file". The judge said" I will look at those; and if a response is required, I'll put something on the docket."

## APPLICABLE LAW/ DISCUSSION

### 1. Special Appearance

On April 27, 2021, I, Kevin Smith, attended a status hearing before Judge Gettleman via special appearance. The judge acknowledged the motion but did not address the question of jurisdiction and/or discovery. The case was transferred to Judge Kness on April 27, 2021 see (Dkt.19). Judge Kness claimed to have no idea what I meant by special appearance and asked me to explain the meaning of special appearance. The question of jurisdiction was not addressed nor were any discovery items addressed.

According to Law Library - American Law and Legal Information, a reputable and well-known legal resource, states that a special appearance is one made for a limited purpose. It can be made, for example, to challenge the sufficiency of the service of process. But most often, a special appearance is made to challenge the court's personal jurisdiction over the defendant. It prevents a default judgment from being rendered against the defendant for failing to file a pleading. (A default judgment is an automatic loss for failing to answer the complaint properly.)

When a defendant makes a special appearance, no other issues may be raised without that appearance becoming a general appearance. If a party takes any action dealing with the merits of the case, the party is deemed to have made a general appearance and submitted to the jurisdiction of the court.

If a challenge is successful and the court agrees that it does not have personal jurisdiction over the defendant, it will dismiss the action. If the court finds against the defendant on that issue, that decision can later be appealed. The right to make a special appearance is almost universally recognized, except where abolished by statute. As a rule, leave of court (permission) must be obtained before a special appearance can be made, but this is not always the case.

Cornell Law's Legal Information Institute, a reputable and well-known legal resource, states "Special appearance is a tool defendants can use to challenge a court's jurisdiction over them. If a court does not have personal jurisdiction or there are other errors like for service of process, many states allow defendants to challenge the lawsuit without submitting to a court's jurisdiction. Normally, if the citizen were to make a general appearance, the jurisdiction issue would be waived. For federal courts and some states, a defendant does not have to make a special appearance, but they are required to challenge the given error before addressing the actual claim itself as one would in a general appearance. Special appearance may also refer to

other unique appearances by an attorney or individual such as an attorney appearing before being assigned to the case."

I, Kevin Smith, the defendant, attended multiple status hearings via special appearance. It is a fact that, at each of those hearings, the Court did not address the issue of jurisdiction and/or discovery all while continuing to move the case along in a manner inconsistent of the rules of the Court.

## 2. Motions to Dismiss From Judge Kness's NDIL Website Page

This Court advises the parties that when a motion to dismiss is filed, the nonmoving party has a right to amend its pleading once within 21 days. Fed. R. Civ. P. 15(a)(1)(B). Consistent with the purpose of the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the nonmoving party is directed to review the motion to dismiss and to consider exercising, as appropriate, its right to amend under Rule 15(a)(1)(B). If the nonmoving party elects to amend its pleading in response to the motion to dismiss, then the moving party (unless otherwise ordered) must, within 21 days of the amended pleading, file either an answer or a renewed motion to dismiss. If the nonmoving party elects not to amend but instead chooses to litigate the motion to dismiss, the nonmoving party (unless ordered otherwise) must file its response within 28 days of the filing of the motion, and the moving party must file its reply within 14 days of the filing of the response. In its response, the nonmoving party must also address whether any deficiencies identified by the motion to dismiss are curable by amendment. Following these steps, the Court will take the motion under advisement and will rule in due course following any oral argument that the Court may in its discretion require. If the parties litigate the motion to dismiss and the moving party prevails, the nonmoving party is advised that the Court may dismiss the case with prejudice under the appropriate legal standards.

If the prosecution believed that the motion was meritless or a sham pleading, the rules clearly spell out options that either party could utilize in order to address the alleged meritless motion.

**3. Federal Rules of Civil Procedure. Rule 12. Defenses and Objections**: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing.

(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Judge Kness has made recent rulings regarding the plaintiff's lack of response or the question of jurisdiction in various cases including:

**Delgado v. City of Chicago** 18-cv-06378 (N.D. Ill. Jul. 2, 2021)

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. In view of Plaintiff's lack of response in opposition to the motion to dismiss, the state-law claims against all Defendants are dismissed with prejudice.

The next case refers to the question of jurisdiction and the judge's statement regarding the court's need to address justiciability. The court has failed to address the subject of jurisdiction even though the motion that I filed addresses it:

**Kasongo v. Am. Gen. Life Ins. Co.** 479 F. Supp. 3d 754 (N.D. Ill. 2020)

At the outset, the Court must address a question of justiciability based on American General's suggestion that Kasongo might lack standing. Based on the Court's analysis of governing Illinois law, Defendant's motion to dismiss must be granted. This dismissal, however, is without prejudice: if Kasongo believes she can cure the pleading deficiencies identified in this opinion, Kasongo has until September 9, 2020 to submit an amended complaint. If Kasongo does not file an amended complaint by September 9, 2020 the dismissal will convert to a dismissal with prejudice.

The next case that was ruled on draws the closest analogy to the prosecution's lack of response in a filing:

**Stewart v. Credit Control, LLC** No. 18-cv-03916 (N.D.Ill. Jul. 7, 2020)

The report and recommendation specifically advised Stewart of the rules governing reports and recommendations, including the specific rule that objections must be filed within 14 days from the date the report was issued. The Stewart v. Credit Control LLC goes on to state 'Having carefully reviewed the thorough report and recommendation prepared by Judge Cummings (Dkt. 199), the Court adopts the report and recommendation in its entirety and accepts the recommended disposition. In so doing, the Court acknowledges the caution of the Court of Appeals that dismissal with prejudice is a "harsh sanction" that should only be used "when there is a clear record of delay or contumacious conduct[.]" *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). Having conducted its own *de novo* review, the Court is confident that this is one of those cases with such a clear record of contumacious conduct: Stewart's behavior—specifically, his willful disregard of multiple court orders requiring him to give deposition testimony—justifies dismissal with prejudice under Rule 37(b)(2)(A)(v). This is so in spite of

Stewart's *pro se* status, for "even those who are *pro se* must follow court rules and directives." *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012).

On July 30, 2021, at the in-person hearing while conducting the Faretta colloquy, the judge asked if I, Kevin Smith, was familiar with the Federal Rules of Criminal Procedure. He (the judge) asked if I understood that those rules govern the way a criminal action is tried in federal court and told me that I was bound by those rules. The judge told me that the rules will not be relaxed for my benefit just because I am representing myself. The same set of rules must apply to the prosecution also, and they (the rules) should not be relaxed to benefit an experienced government attorney with years of legal experience.

## OPINION

At the in person hearing that was held on July 30, 2021, the prosecutor stated to the judge "as you've noted in previous proceedings, the defendant has filed a couple of motions and apparently has another one here that I haven't seen yet. I would just say that I don't know that the earliest motion that he filed is one that has any legal merits whatsoever and would even require a response from the government. But I'll wait for the Court's decision as to any motion -- or responses to motions that the Court would like us to file." The judge said, "I will look at those; and if a response is required, I'll put something on the docket."

The statement by the prosecutor to the judge was inaccurate. Up until 7/30/21, there was only one motion filed that I tried to address at several different hearings via special appearance and it (the motion) was ignored. The other document that was filed was a memorandum/ affidavit in regard to the Faretta colloquy that required no response from the government. On July 30, 2021, the morning of the in-person status hearing, I filed a motion regarding the appointment of Joshua Adams as my counsel which was directed to the Court and also required no response from the

9

government. It appears as if the prosecution is not following the Federal Rules of Civil Procedures nor the judge's standing order on motions. A response to the motion is required within a specific time frame. It also appears the prosecution is asking the judge for direction on how he should proceed. Per the motion rules that are posted on the judge's website and the Federal Rules of Civil Procedure, a response is required and if not, the original complaint is subject to dismissal. It appears that the rules I am being bound by that would not be relaxed for my benefit are being relaxed for the prosecution.

## CONCLUSION

It appears the prosecution is being allowed to ignore the rules, as set forth in Rule 12 of the Federal Rules for Civil Procedure. The fact that the prosecution simply asked the Court if a response was required appears to imply that the rules only pertain to the defendant and not the plaintiff, which in this case is the Government.

This memorandum supports the motion filed and respectfully and humbly requests that the court dismiss this case with extreme prejudice for failure to state a claim upon which relief can be granted.

## ATTESTATION

I declare that to the best of my knowledge under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

_____

Kevin Smith

Executed on September 17, 2021

## Notary Public

I, __Dantrae Lemons__, a notary public for said County and State, do certify that __Kevin Smith__ personally appeared before me and executed the foregoing.

Witness my hand and seal this __17th__ day of __September__, 20__21__.

__Cook__ (County)
__Illinois__ (State)

My Commission Expires: __06/07/2022__

_Dantrae Lemons_
Notary signature

OFFICIAL SEAL
DANTRAE LEMONS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/07/22

## Certificate of Service

I hereby certify that a copy of this document was sent via email on September __17__, 2021 to the Northern District of IL electronic filing system at

Temporary_E-Filing@ilnd.uscourts.gov

I hereby certify that a copy of this document was sent via email on September __17__, 2021 to Stephen Heinze at Stephen.heinze@usdoj.gov

I hereby certify that a copy of this document was sent via email on September 17, 2021 to 2021 to Judge John F. Kness in care of Enjoli Fletcher at Enjoli_Fletcher@ilnd.uscourts.gov

_____
Kevin Smith
1440 W Taylor, #1390
Chicago, IL 60607