

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | 21 CR 128 |
| KEVIN SMITH, ) | Honorable Judge |
| ) | John F. Kness |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME FOR PRETRIAL MOTIONS FILING AND STATUS HEARING

Now comes Kevin Smith, the defendant, by and through himself, respectfully submits this memorandum in support of the Motion for Extension of Time for Pretrial Motions Filing and Status Hearing.

### Factual Background/Discussion

1. On March 11, 2021, I, Kevin Smith, the defendant, attended a hearing in which Judge Gettleman presided over. The judge did not address rule 5(f) of the Federal Rules of Criminal Procedure at this hearing. Counsel for the government, Stephen Heinze, stated that he was assembling some additional files that gather together relevant documents for discovery. The government asked the Court for time until March 22, 2021 to disclose discovery. Judge Gettleman stated to Stephen Heinze that discovery would just be talked

1

about at the next hearing scheduled for March 16, 2021 but did enter the protective order for it.

2. On March 16, 2021, I, Kevin Smith, the defendant, attended a hearing in which Judge Gettleman presided over. Again, the judge did not address rule 5(f) of the Federal Rules of Criminal Procedure at this hearing. Again, counsel for the government, Stephen Heinze, stated that he was still did not have discovery complete.

3. On April 27, 2021, I, Kevin Smith, the defendant, attended, by way of special appearance, a hearing in which Judge Gettleman presided over to address a filed motion (Dkt.17) that requested specific discovery information. Judge Gettleman acknowledged that he saw the motion but wanted to address my desire to proceed pro se. Judge Gettleman entered the motion and the case was reassigned to Judge Kness. Again, the judge did not address rule 5(f) of the Federal Rules of Criminal Procedure at this hearing.

4. On May 18, 2021, I, Kevin Smith, the defendant, attended a hearing, by way of special appearance, in which Judge Kness presided over. The judge stated that the case was just transferred to him. The judge stated all that he was going to deal with was the issue of my status of represented or unrepresented, but he wasn't prepared to do so on this day. Judge Kness scheduled another hearing for May 26, 2021. Judge Kness stated that I, Kevin Smith, would have adequate time to review discovery and not to worry about timing. The judge did not address Rule 5(f) of the Federal Rules of Criminal Procedure at this hearing.

5. I, Kevin Smith, the defendant, attended hearings presided over by Judge Kness on May 26, 2021, June 9, 2021, and June 30, 2021 to address my desire to proceed pro se all while asserting my right to not volunteer to be placed under oath for the Faretta colloquy.

The judge did not address Rule 5(f) of the Federal Rules of Criminal Procedure at any of these hearings. Counsel for the government did not mention discovery nor did they need to file any motion to request an extension of time.

6. On July 30, 2021, I, Kevin Smith, the defendant, attended an in-person hearing that included several issues, one of which was the filing of pretrial motions and discovery. As of July 30, 2021, the prosecutor stated that he would be adding a small amount of discovery to what was already produced to the Federal Defender attorney, Seema Ahmad, who is the attorney that stopped communicating with me. The judge initially asked that I write down my address to hand to the prosecutor but was informed by the courtroom deputy that I would need to file an appearance form for the record, which would include my address. The judge gave me 3 days to file the form and told me that the prosecutor would wait until that form shows on the docket so he would know where to send discovery. Again, the judge did not address Rule 5(f) of the Federal Rules of Criminal Procedure at this hearing.

7. On August 17, 2021 at approximately 10:00 A.M., a Fedex package was delivered from Stephen Heinze containing discs of discovery information. This was a full 14 days from the time of the filing of the Appearance form on the docket. At no time throughout this case did the government have to motion for an extension of time to produce discovery.

## **CONCLUSION/OPINION**

August 17, 2021 was the first time any discovery was sent directly to me, Kevin Smith, the defendant since the beginning of this case. On numerous occasions the Court failed to address Rule 5(f) of the Federal Rules of Criminal Procedure, both orally and by written order, of the prosecution's disclosure obligation. The prosecution had nearly six months to produce discovery without having to ask for any extensions or file any motions to request additional time.

Based upon the sheer volume of discovery and the complexity of the case itself, I, Kevin Smith, the defendant requests additional time for the filing of pretrial motions since I was not able to utilize the full 60 days that the judge stated he would give me for the filings.

There are currently two motions waiting to be addressed by the Court and two motions waiting to be addressed by the government. One of the motions addressed to the prosecution has gone unanswered for over five months at the time of this memorandum's filing. The motion filed on July 30, 2021 and addressed to the Court has still not been answered. If it takes months to respond to a motion, then it would not give me, Kevin Smith, the defendant, adequate time to file a response or act accordingly within set time limits.

In closing, I, Kevin Smith, the defendant, respectfully and humbly request additional time to file pretrial motions for the aforementioned reasons stated within this document.

Respectfully submitted by,

_[signature]_

Kevin Smith, Pro Se defendant
1440 W Taylor, #1390
Chicago, IL 60607

# CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was sent via email on September 21, 2021 to the Northern District of IL electronic filing system at

Temporary_E-Filing@ilnd.uscourts.gov

I hereby certify that a copy of this document was sent via email on September 21, 2021 to Judge John F. Kness in care of Enjoli Fletcher at

Enjoli_Fletcher@ilnd.uscourts.gov

I hereby certify that a copy of this document was sent via email on September 21, 2021 to Stephen Heinze at Stephen.heinze@usdoj.gov

# ATTESTATION

I declare that to the best of my knowledge under penalty of perjury that the foregoing is true and correct.

Kevin Smith, Pro Se Defendant

**Notary Public**

I, Dantrae Lemons, a notary public for said County and State, do certify that Kevin Smith personally appeared before me and executed the foregoing.

Witness my hand and seal this 21st day of September, 2021.

Cook (County)
Illinois (State)

Dantrae Lemons
Notary signature

My Commission Expires: 06/07/2022

OFFICIAL SEAL
DANTRAE LEMONS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/07/22