IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



UNITED STATES OF AMERICA,)
)
        Plaintiff,)
)
v.)
)    21 CR 128
KEVIN SMITH,)    Honorable Judge
)    John F. Kness
)
        Defendant.)

### Motion to Dismiss Counts due to Multiplicity

Now comes Kevin Smith, the defendant, (herein defendant) by and through himself, to submit this Motion to Dismiss Counts due to Multiplicity. In support of this motion the following facts are presented.

1. An indictment filed on February 23, 2021 (Dkt. 1) charges Kevin Smith, the defendant, with violation of Title 18, United States Code, Section 1344 – Bank Fraud - on five separate counts.

2. Count one of the indictment charges that the defendant knowingly participated in a scheme to defraud financial institutions and to obtain money and funds owned by and under the custody and control of financial institutions by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

3. Count one contains thirteen paragraphs all describing the alleged scheme.

1

4. Counts 2 through 5 all also charge the defendant with Title 18, United States Code, Section 1344 – Bank Fraud and all counts (2-5) incorporate the same paragraphs one through thirteen for each count.
5. The indictment does not allege separate schemes (plural-more than one) to defraud.
6. In paragraph 4 of the indictment, there are 14 properties listed as being part of an alleged scheme. This paragraph repetitively includes the properties which are already listed separately in each of the five counts.

An indictment is multiplicitous and in violation of the Fifth Amendment's Double Jeopardy Clause if it charges a single offense in more than one count.

Multiplicity is the charging of a single offense in more than one count. When the government charges a defendant in multiplicitous counts, two vices may arise. First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes--not one." United States v. Langford, 946 F.2d 798, 8 0 2 (11th Cir. 1991), cert. denied, 503 U.S. 960 (1992).

Wherefore I, Kevin Smith, the defendant, ask the Court to strike counts two through five of the indictment due to multiplicity, based upon a single offense being charged in more than one count.

Note: Due to time constraints and based upon the uncertainty of the Court granting an extension of time for filing pretrial motions, a memorandum in support of this motion will follow on a later date.

## ATTESTATION

I declare that to the best of my knowledge under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Kevin Smith, Pro Se Defendant
1440 W. Taylor, #1390
Chicago, IL 60607
Executed on September 28, 2021

## Certificate of Service

I hereby certify that a copy of this document was sent via email on September 28, 2021 to the Northern District of IL electronic filing system at

Temporary_E-Filing@ilnd.uscourts.gov

I hereby certify that a copy of this document was sent via email on September 28, 2021 to Judge John F. Kness in care of Enjoli Fletcher at Enjoli_Fletcher@ilnd.uscourts.gov

I hereby certify that a copy of this document was sent via email on September 28, 2021 to Stephen Heinze at Stephen.heinze@usdoj.gov